## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CASSETTA D. TAFT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) **Case No.    CIV-11-993-D** |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of the Social** | ) |
| **Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT & RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ___).  The parties have briefed their positions, and the matter is now at issue. It is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further administrative proceedings.

### PROCEDURAL HISTORY

Plaintiff's application for disability benefits, alleging a disability beginning June 2, 2000, was denied initially and on reconsideration at the administrative level (TR. 575). On March 7, 2005, the Administrative Law Judge (ALJ) held a hearing *de novo* after which she issued an unfavorable decision on April 27, 2006 (TR. 575; 38-53).  Plaintiff appealed

the unfavorable decision, and this Court reversed and remanded the case to the Appeals

Council which, in turn, remanded the case to the same ALJ (TR. 592-609).

The ALJ held a second administrative hearing on June 2, 2010, (TR. 785-830) and

issued a second unfavorable opinion on July 5, 2011, finding that Plaintiff had not been

disabled at any time before her insured status expired on March 31, 2009 (TR. 575-591).

The Appeals Council denied Plaintiff's request for review on February 22, 2008, and thus

the decision of the ALJ became the final decision of the Commissioner (TR. 7-9).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining

whether the factual findings are supported by substantial evidence in the record as a

whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569

F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*,

331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on

substantial evidence if it is overwhelmed by other evidence in the record or if there is a

mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th

Cir. 2004). The court "meticulously examine[s] the record as a whole, including

anything that may undercut or detract from the [administrative law judge's] findings in

order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d

1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the

ALJ followed the applicable rules of law in weighing particular types of evidence in

disability cases, the court does not reweigh the evidence or substitute its own judgment

for that of the Commissioner.  *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008)

(quotations and citations omitted).

## THE ADMINISTRATIVE DECISION

On remand, the ALJ followed the five-step sequential evaluation process set forth

in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in

substantial gainful activity since June 2, 2000, the alleged onset date (TR. 579).  At step

two, the ALJ concluded that Plaintiff had the following severe impairments: obesity, sleep

apnea, anxiety, hypertension with cardiomegaly, back and shoulder pain, swelling of the

knees, and headaches (TR. 579). At step three, the ALJ determined that the Plaintiff did

not have an impairment or combination of impairments which met or medically equaled

any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 583).

At step four, the ALJ first formulated Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the Administrative Law Judge finds that from June 2, 2000, the date of alleged onset of disability, through March 31, 2009, the date the claimant last met the insured status requirements for disability insurance benefits; the claimant had the residual functional capacity for a range of light and sedentary work. The claimant could lift and/or carry twenty pounds, ten pounds on a frequent basis. She could stand and/or walk with normal breaks for a total of three hours in a workday. She could sit with normal breaks as the job duties required. The claimant could balance and climb ramps, and stoop occasionally. She could crouch, kneel, and climb stairs infrequently (ten percent or less).  She could not crawl.  She could not work at unprotected heights or around hazards. The claimant could perform simple and some detailed tasks

(TR. 586). The ALJ determined that Plaintiff could not return to her past relevant work

(PRW) as a childcare provider (TR. 588-589). At step five, the ALJ applied Medical-

Vocational Rule 201.25 and Rule 202.18, obtained the testimony of a vocational expert (VE), and determined that Plaintiff could perform other jobs existing in significant numbers in the national economy including surveillance systems monitor, polisher, telephone quotation clerk, and election clerk (TR. 590). Thus, at step five of the sequential evaluation process the ALJ determined that Plaintiff was not disabled.

## ISSUES PRESENTED

Plaintiff contends that the ALJ erred in failing to explain the weight given to the medical opinion of Plaintiff's treating physician and in failing to discuss other significantly probative evidence. She further contends that the ALJ erred at the fifth step of the sequential evaluation by determining that jobs exist which Plaintiff could perform.

## ANALYSIS

I.   <u>Medical Opinions</u>

The Tenth Circuit Court of Appeals has long recognized the proper analysis and assignment of weight to be given to the opinions of treating sources and examining sources. When considering the opinion of a treating physician, the ALJ must first determine whether the opinion should be given "controlling weight" on the matter to which it relates. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). The opinion of a treating physician must be given controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *Id.* (applying SSR 96–2p, 1996 WL

374188, at *2); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the opinion is deficient in either of these respects, it should not be given controlling weight.

Even if the opinion of a treating physician is not entitled to controlling weight, however, it is still entitled to deference. The ALJ must clearly state the weight the opinion is being given, even if it is being rejected. The ALJ must specify the reasons for the weight afforded the opinion, and her reasons must be closely tied to the factors specified in the regulations. *See Watkins*, 350 F.3d at 1300–01. Remand is required if the ALJ does not adequately support the weight she assigned to the opinion of an acceptable medical source. As the relevant ruling explains:

> Adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§§] 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

SSR 96–2p, 1996 WL 374188, at *4. That an opinion is not given controlling weight does not resolve the second, distinct inquiry. *See Langley v. Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004) (holding that while absence of objective testing provided basis for denying controlling weight to treating physician's opinion, "[t]he ALJ was not entitled, however, to completely reject [it] on this basis"). This second inquiry is governed by its own set of factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the

treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *See Id*. at 1119 (quotation omitted). In applying these factors, the ALJ's findings must be "sufficiently specific to make clear to any subsequent reviewers the weight she gave to the treating source's medical opinion and the reason for that weight." *Id.* (quotation omitted).

In the ALJ's first unfavorable decision, the ALJ neglected to discuss Dr. Patrick P. Lo's diagnosis of radiculitis.  Dr. Lo was one of Plaintiff's treating physicians. The ALJ also neglected to discuss the report of Dr. John B. Hill, a consultative examiner, whose findings included the observation that Plaintiff's weight, which was, over four hundred pounds, made it difficult for her to walk and made her gait and stride unsafe and unsteady (TR. 299).

On appeal from the ALJ's first unfavorable decision, the magistrate judge determined that these material omissions required reversal. The magistrate judge found the ALJ's omission of a discussion of Dr. Lo's diagnosis of radiculitis to be material because the ALJ discounted Plaintiff's allegations of pain based on physical findings that were generally within normal limits and the medical expert's opinion that her aches and pains were caused solely by her obesity (TR. 602).

The magistrate judge deemed the omission of Dr. Hill's observation regarding Plaintiff's unsafe and unsteady gait to be material to the outcome of the case because

the ALJ had stated in her opinion that "[t]he medical evidence [did] not show findings of a significant loss of gait and station," and the medical record did not indicate significant impairment of gait." *See Taft v. Astrue*, Case No. CIV-08-425-F at 3-4 (TR. 597-598). These findings were directly controverted by Dr. Hill's reported observations during the consultative examination.

At the remand hearing, the ALJ required Drs. Lo and Hill to testify by telephone (TR. 787-801). The ALJ did not ask Dr. Lo about his diagnosis of radiculitis or the resulting physical limitations, but Plaintiff's attorney did. Dr. Lo testified that Plaintiff had undergone an MRI which indicated severe left side facet hypertrophy, a condition that could cause the shooting pains Plaintiff described (TR. 795). Dr. Lo's testimony controverted the medical expert's testimony at the first hearing that Plaintiff's pain was caused by her obesity. Dr. Lo also testified that he agreed with Dr. Hill's assessment that there would be safety concerns because of Plaintiff's unsteady gait, lower back pain and knee pain (TR. 794-795).

In his testimony, Dr. Hill described his observation of Plaintiff's unsteadiness as she attempted to stand on her toes and heels. He observed that Plaintiff had great difficulty getting onto the examination table, and he noted that she was severely short of breath simply from rising from the chair and walking to the examination table (TR. 797). Dr. Hill's testimony was consistent with his written report generated in 2001 (TR. 298-304).

In her second unfavorable decision, the ALJ referenced the medical opinions of both Dr. Lo and Dr. Hill. The ALJ stated that she was giving "limited weight" to Dr. Hill's

opinion because it was inconsistent with and outweighed by other medical records (TR. 588). The ALJ noted that on October 31, 2002, for example, Dr. Vallis Anthony, examined Plaintiff for the state agency (TR. 345-347). Dr. Anthony stated that Plaintiff "ambulates with a wide-based, but stable and safe gait at an appropriate speed without the use of any assistive devices" and that "[s]he moves about the room really with no difficulty, and moves surprisingly well for someone as heavy as she is" (TR. 347). In response to an inquiry from the State agency regarding Plaintiff's stability and safety of gait, Dr. Lo stated that Plaintiff "has a steady gait and no ataxia noted" (TR. 426). Based on these inconsistencies, the ALJ stated that the testimony of Dr. Hill "may be credible as to what he observed  on that particular occasion" but that the observations of the other sources suggested that Plaintiff was "exaggerating her difficulties in movement at that particular evaluation" (TR. 588). Accordingly, the limited weight afforded to the opinion of Dr. Hill is supported by substantial evidence.

The ALJ discussed certain aspects of Dr. Lo's testimony:

> [Dr. Lo] stated that he did not think that it was safe for the claimant to work, due to concerns of her blood pressure and arthritis increasing. He estimated that this had occurred approximately seven years ago (i.e. 2003). Dr. Lo also commented that there would be a problem with someone hiring her. The failure to be hired itself and the hiring practices of employers cannot be considered as evidence of disability. The statements of Dr. Lo at the time of the hearing on remand are not consistent with the contemporaneous notes of the events, which showed the claimant's blood pressure levels as under control and showed the claimant doubting she had anxiety or high blood pressure. Other doctors noted the claimant's lack of compliance [or] failure of cooperation

(TR. 588). The ALJ's discussion of opinions from Dr. Lo is incomplete. First, the ALJ did not reveal the weight she was giving to Dr. Lo's opinions. While the quotation above indicates that the ALJ did not give Dr. Lo's opinion controlling weight, the opinion is still entitled to deference, and the ALJ should have clearly stated what weight the opinion was being given, even if she were rejecting the opinion entirely. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300-1301 (10th Cir. 2003) (applying SSR 96–2p, 1996 WL 374188, at *2); 20 C.F.R. § 404.1527(d)(2)). The ALJ also failed to discuss Dr. Lo's diagnosis of radiculitis. In this respect, the ALJ did not comply with this Court's order on remand (TR. 601-604).

The ALJ's failure to disclose the weight she afforded the opinions of Plaintiff's treating physician, as well as the ALJ's failure to comply with this Court's remand order necessitate a second remand of this case.[1]

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED** for further administrative proceedings.

---

[1] Plaintiff also alleges an error at step five of the sequential process, but this Court need not consider this argument in light of the suggested reversal and remand on other grounds. *See Watkins*, 350 F.3 at 1299 ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of this case on remand.").

**NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **November 1, 2012**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on October 15, 2012.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE